**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
David J. McGlothlin, Esq. (SBN: 253265)
david@kazlg.com
Mona Amini, Esq. (SBN: 296829)
mona@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

*Attorneys for Plaintiff,*
Radley Bradford

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RADLEY BRADFORD, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> BEYOND FINANCE, LLC d/b/a BEYOND FINANCE <br><br> Defendant. | Case No.: **'23CV1904 LL   AHG** <br><br> **CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA), 47 U.S.C. §§ 227, ET SEQ.** <br><br> **JURY TRIAL DEMANDED** |

//
//
//
//
//
//
//
//

# INTRODUCTION

1. Plaintiff RADLEY BRADFORD ("Plaintiff"), individually and on behalf of all others similarly situated, brings this nationwide Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant BEYOND FINANCE, LLC d/b/a Beyond Finance ("Defendant"), in negligently and/or willfully contacting Plaintiff on Plaintiff's telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.*, ("TCPA") and related regulations, thereby invading Plaintiff's privacy, specifically for claims under the National Do Not Call provision of 47 C.F.R. § 64.1200(c).

2. In 1991, Congress passed the TCPA in response to complaints about certain telemarketing practices. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11.

3. The United States Court of Appeals for the Ninth Circuit has held that "[u]nsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients. A plaintiff alleging a violation under the TCPA 'need not allege any *additional* harm beyond the one Congress has identified.'" *Van Patten v. Vertical Fitness Grp.*, No. 14-55980, 2017 U.S. App. LEXIS 1591, at *12 (9th Cir. May 4, 2016) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016) (emphasis original)).

4. Although a caller may obtain prior express consent from a consumer, prior express consent may nevertheless be revoked.

5. The right to revocation is consistent with the common law principle that consent is revocable and honors the purpose of the TPCA.

6. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

7. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

8. Unless otherwise stated, Plaintiff alleges that any violations by Defendant was knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

9. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, vendors, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

## JURISDICTION AND VENUE

10. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this case arises out of violations of federal law. 47 U.S.C. § 227(c).

11. Because Defendant conducts business within the State of California, personal jurisdiction is established.

12. Venue is proper in the United States District Court for the Southern District of California pursuant to 18 U.S.C. § 1391 because the conduct complained of herein occurred within this judicial district and many of the acts and transactions giving rise to this action occurred in this district because:

   (a) Defendant is authorized to conduct business in this district and has intentionally availed itself of the laws and markets within this district;

   (b) Defendant is located in this district;

   (b) Defendant does substantial business within this district;

     (c)    Defendant is subject to personal jurisdiction in this judicial district because Defendant has availed itself of the laws and markets within this district; and,

     (d)    the harm to Plaintiff originated from within this judicial district.

## PARTIES

13. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of Texas. Plaintiff is, and at all times mentioned herein was, a "person," as defined by 47 U.S.C. § 153(39).

14. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a domestic limited liability company whose headquarters is located in San Diego, California. Defendant is, and at all times mentioned herein was, a "person," as defined by 47 U.S.C. § 153(39). Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California and within this judicial district.

## FACTUAL ALLEGATIONS

15. According to its website, Defendant provides debt consolidation services and is comprised of a group of debt resolution experts who want to help consumers find financial wellbeing.[1]

16. Defendant's website further indicates that it has been operating since 2011.[2]

17. Defendant's website further indicates: "[o]ver the last several years, our company has grown significantly to help an increasing number of people who are tired of struggling financially and want to become debt-free.[3]

18. In Defendant's overzealous attempt to market its services and grow significantly, Defendant knowingly and willfully made (and continues to make) unsolicited telemarketing phone calls without the prior express written consent

---

[1] https://www.beyondfinance.com/about (last visited October 13, 2023).
[2] *Id*.
[3] *Id*.

of the call recipients.

19. Through this method, Defendant has invaded the personal privacy of Plaintiff and members of the Class.

20. Plaintiff's cellular telephone number ending in 7679 was registered with the National Do Not Call Registry on or about March 31, 2019.

21. Plaintiff did not provide Defendant with his cellular telephone number at any point in time, nor did he give permission for Defendant to call it.

22. Plaintiff did not have an established business relationship with Defendant during the time of the telephone solicitations from Defendant.

23. Plaintiff did not have a personal relationship with Defendant at any point in time.

24. Plaintiff did not give Defendant prior express invitation or consent in writing for Defendant to call Plaintiff's personal cellular telephone for marketing or solicitation purposes.

25. Despite being on the National Do Not Call Registry, Defendant made several unsolicited telemarketing calls to Plaintiff on his cellular telephone from Defendant's telephone numbers 804-494-6550 and 800-282-7186.

26. Specifically, on August 31, 2022, Defendant made an unsolicited telemarketing call to Plaintiff on his cellular telephone from 804-494-6550.

27. During this call, Defendant's agent or representative, named "Mike" appeared on the telephone line to sell Defendant's services to Plaintiff.

28. Thereafter, Mike transferred the call to Defendant's agent or representative named Jacob Koziara.

29. Following the call, on August 31, 2022, Defendant sent Plaintiff an email from Mr. Koziara's email address, jkoziara@beyondfinance.com.

30. In said email, Mr. Koziara wrote:" "If you are interested or need assistance at any point in the future, please contact me. I am an expert and can help direct you to various solutions. Best Regards, Jacob Koziara."

CLASS ACTION COMPLAINT

31. Mr. Koziara's email signature stated: "Certified Debt Specialist, Accredited Debt Relief | Beyond Finance Direct: 877-230-7106| Personal Fax: (619) 752-1780 jkoziara@beyondfinance.com| www.BeyondFinance.com."

32. In response to Defendant's email, Plaintiff wrote: "Hello Jacob, Currently, I do not need your service. Please remove me from your contact list and have them add me to the internal do not call list. Thank you sir."

33. By sending this response to Defendant's email, Plaintiff revoked any type of consent that Defendant may have relied upon to contact him with telemarketing calls.

34. Despite expressly stating that Plaintiff did not want to be contacted and requesting that he be added to Defendant's internal do not call list, and thus, revoking any type of purported consent Defendant may have relied upon to contact him, Defendant continued to harass Plaintiff with further telemarketing calls.

35. Specifically, on September 4, 2022, Defendant made *yet another* telemarketing call to Plaintiff on his cellular telephone from 800-282-7186.

36. Such calls constitute telephone solicitations pursuant to 47 C.F.R. § 64.1200(c), as they were an attempt to promote or sell Defendant's services related to credit repair.

37. Plaintiff received more than two telephone solicitations from Defendant within a 12-month period.

38. Defendant's unsolicited telephone calls constituted telemarketing and had a commercial purpose.

39. Upon information and belief, Defendant did not make the telephone solicitations in error.

40. Upon information and belief, at all relevant times, Defendant failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47

CLASS ACTION COMPLAINT

U.S.C. § 227(c)(5), including 47 C.F.R. § 64.1200(c).

41. Upon information and belief, Defendant made the same or substantially similar above-described telephone solicitations *en masse* to thousands of consumers nationwide.

42. Because Plaintiff is alerted when a call is made to Plaintiff's cellular telephone, the unsolicited telephone solicitation that Defendant transmitted to Plaintiff's cellular device invaded Plaintiff's privacy, was a nuisance, and distracted and aggravated Plaintiff upon receipt.

43. Plaintiff was personally affected and damaged by Defendant's aforementioned conduct because Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically protected by the TCPA. Plaintiff was frustrated and distressed that Defendant annoyed Plaintiff with unwanted telephonic solicitations, without Plaintiff's prior express written consent, and while Plaintiff's telephone number was registered on the National Do Not Call Registry.

44. Defendant's telephonic communications forced Plaintiff and Class members to live without the utility of their cellular telephones by forcing Plaintiff and Class members to silence their cellular telephones and/or block incoming numbers and/or interrupted their desired use of their cellular telephones.

45. The TCPA was intended to give individuals control over how and where they receive telephonic communications. When Defendant send such text messages to consumers without their consent, Defendant fails to respect the limitations imposed by the TCPA. In doing so, Defendant invade Plaintiff and similarly situated persons' privacy and violates the spirit and intent behind the TCPA.

46. Through the above conduct, Defendant violated 47 U.S.C. §§ 227, *et seq*. and the National Do Not Call provision of 47 C.F.R. § 64.1200(c).

//

//

## CLASS ACTION ALLEGATIONS

47. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated (the "Class").

48. Plaintiff represents, and is a member of, the Class, consisting of:

   > All persons within the United States, registered on the National Do Not Call Registry for at least 31 days, to whom Defendant and/or a third party acting on Defendant's behalf, made two more telephone solicitations that promoted Defendant's products or services, to a cellular telephone number within any twelve-month period, within the four (4) years prior to the filing of the Complaint.

49. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

50. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members via their telephones, whether cellular telephones or otherwise, for solicitation purposes, thereby invading the privacy of said Plaintiff and the Class members whose cellular telephone numbers were on the National Do Not Call Registry. Plaintiff and the Class members were damaged thereby.

51. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

52. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court. The Class can be identified through Defendant's records or Defendant's agents' records and the National Do Not Call Registry.

53. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact common to the Class predominate over questions which may affect individual Class members, including the following:

    a. Whether, within the four years prior to the filing of this Complaint, Defendant or its agents placed more than one telephone solicitation to the members of the Class whose telephone numbers were on the National Do Not Call Registry and who had neither an established business relationship nor personal relationship with Defendant;

    b. Whether Defendant obtained prior express written consent to place telephone solicitations to Plaintiff or the Class members' telephones;

    c. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

    d. Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

54. As a person who received numerous telephone solicitations from Defendant within a 12-month period, who did not have an established business relationship or personal relationship with Defendant, and who did not provide Defendant prior express invitation or permission to receive telephone solicitations, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

55. Plaintiff and the members of the Class have all suffered irreparable harm and invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA, as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to be damaged and face irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such

illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

56. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

57. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

58. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

## NEGLIGENT VIOLATIONS OF THE TCPA

## 47 U.S.C. §§ 227, *ET SEQ.*

59. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

60. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227, *et seq.*, including implementing regulation 47 C.F.R. § 64.1200(c).

61. As a result of Defendant's negligent violations of 47 U.S.C. §§ 227, *et seq.*, Plaintiff and each member of the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §

227(c)(5).

62. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA
## 47 U.S.C. §§ 227, *ET SEQ.*

63. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

64. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227, *et seq.*, including implementing regulation 47 C.F.R. § 65.1200(c).

65. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and each member of the Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

66. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendant:

- An Order certifying this action to be as a Class Action pursuant to Federal Rule of Civil Procedure 23, establishing the defined Class and any subclasses the Court deems appropriate, appointing Plaintiff is a proper representative of the Class, and appointing Plaintiff's Counsel as Class Counsel;



- An Order declaring Defendant's conduct, as alleged above, was in violation of the TCPA and the National Do Not Call provision of 47 C.F.R. § 64.1200(c);

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(c), Plaintiff seeks for himself and each Class member: (i) $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(c)(5)(A); (iii) costs of suit; (iv) pre and post-judgment interest; (v) reasonable attorneys' fees pursuant to, *inter alia*, the common fund doctrine; (vi) any other relief the Court may deem just and proper; and

- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(c), Plaintiff seeks for himself and each Class member: (i) $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(c)(5)(A); (iii) costs of suit; (iv) pre and post-judgment interest; (v) reasonable attorneys' fees pursuant to, *inter alia*, the common fund doctrine; and (vi) any other relief the Court may deem just and proper.

- Costs of suit.

- Pre and post-judgment interest, to the extent permitted by applicable law.

- Reasonable attorneys' fees to Plaintiff's counsel pursuant to, *inter alia*, California Code of Civil Procedure § 1021.5 and the common fund doctrine.

- Any other relief the Court may deem just and proper.

//
//
//
//
//

## DEMAND FOR JURY TRIAL

67. Plaintiff is entitled to, and demands, a trial by jury on all issues so triable.

Dated: October 18, 2023           Respectfully submitted,

                                              **KAZEROUNI LAW GROUP, APC**

                                          By:   */s/ Abbas Kazerounian*
                                                   ABBAS KAZEROUNIAN, ESQ.
                                                   DAVID J. MCGLOTHLIN, ESQ.
                                                   MONA AMINI, ESQ.
                                                   *Attorneys for Plaintiff*